IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2374-B |
| | § | |
| STEPHEN RAY LAFUENTE, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Senrick Shern Wilkerson filed a *pro se* complaint alleging state-law claims for legal malpractice, breach of contract, and fraud and misrepresentation relating to felony cases from 2008 and 2010. *See* Dkt. No. 3. In response to a notice of deficiency and order, Wilkerson filed an amended complaint. *See* Dkt. Nos. 6, 9. But the amended complaint generally did not resolve the deficiencies in the original complaint and to the extent that it should be liberally construed as asserting claims under 42 U.S.C. § 1983 relating to Wilkerson's convictions, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the amendment did not resolve the deficiencies in the complaint, the magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court dismiss the complaint because Wilkerson's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (the "FCR"). *See* Dkt. No. 13. Wilkerson did not timely file objections, and the Court accepted the FCR and entered judgment on January 20, 2026. *See* Dkt. Nos. 15,16.

The next day, Wilkerson filed objections. *See* Dkt. No. 17. On February 10, 2026,Wilkerson filed a motion to reinstate the case, and on March 2, 2026, he filed a verified motion for judicial review, evidentiary hearing, and declaratory relief. *See* Dkt. Nos. 18, 21.

Because Wilkerson's objections and motion to reinstate the case were filed within 28 days of the judgment, *see* Dkt. Nos. 17, 18, the Court will treat them as though they were filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (A motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." (citation omitted)); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, Wilkerson fails to show a basis for this remedy. Wilkerson's objections and motion to reinstate instead largely rehash the same arguments as in the complaint and amended complaint. Controlling law has not changed since the Court entered judgment; Wilkerson presents no newly discovered evidence that could question the correctness of the judgment; nor does he plausibly show that the Court need correct a manifest error of law or fact.

In his motion to reinstate, Wilkerson also asserts that he must be given leave to amend under Federal Rule of Civil Procedure 15(a). *See* Dkt. No. 18 at 5. Wilkerson has already amended his complaint once, and his proposed amendments would not resolve the deficiencies in this case. Leave to amend is not required when a plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Wilkerson's post-judgment motion for judicial review was filed more than 28 days after the judgment, *see* Dkt. No. 21, and therefore, it should be construed as a motion under Federal Rule of Civil Procedure 60(b). That rule's purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*,

Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)).

Wilkerson's motion does not make any argument as to why the Court's judgment should be vacated but instead simply reasserts his claims and seeks judicial relief. Because the claims remain barred for the reasons set out in the FCR, Wilkerson's construed Rule 60(b) motion does not show that he is entitled to the extraordinary relief afforded by that rule.

In sum, Wilkerson offers no compelling reasons to reconsider the Court's decision to dismiss her claims. Therefore, the Court DENIES his post-judgment motions [Dkt. Nos. 17, 18, 21]. Further, the Court directs that any future filings in this case be docketed as notices.

SO ORDERED this 16th day of March, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE